**Richard D. BENNETT et al.**

v.

**D'AMBRA CONSTRUCTION COMPANY, INC., et al.**

**No. 96–127–Appeal.**

Supreme Court of Rhode Island.

April 11, 1997.

Harry J. Hoopis, Warwick.

Mark P. Dolan, Providence.

---

## ORDER

While installing a sewer main near the home of the plaintiffs, Richard D. and Thelma G. Bennett, the defendant, D'Ambra Construction Company, Inc. (D'Ambra), allegedly failed to support properly a gas pipe, thereby causing the plaintiff's home to fill with gas and explode. To recover for their losses, the plaintiffs filed a claim with their homeowner's insurance company. They settled this claim for approximately $262,000 and executed several subrogation receipts in favor of their insurer whereby they assigned to it "all of the rights, claims and interest which [the plaintiffs] may have against any party, person, persons, property or corporation liable for all such claims" arising out of the explosion. In addition to the subrogation receipts, the plaintiffs released their insurer from all such claims that they had against it (the policy release). The policy release closed with the following merger clause: "This Release contains the ENTIRE AGREEMENT between the parties hereto, and the terms of this Release are contractual and not a mere recital." In turn, upon receipt from D'Ambra of a sum of money equal to that which it paid to the plaintiffs, the plaintiffs' insurer executed a subrogation release in favor of D'Ambra.

Alleging that the policy release comprised "the entire agreement" between them and their insurer, plaintiffs then filed a complaint against D'Ambra. Because the policy release contained no subrogation language in regard to any claims plaintiffs may have had against D'Ambra, plaintiffs contended they were still free to pursue D'Ambra for damages arising out of the explosion. D'Ambra answered and raised the affirmative defense that plaintiffs' claims against it had been previously "released, satisfied and discharged." After a Superior Court motion justice granted D'Ambra's motion for summary judgment, plaintiffs appealed.[1]

---

**1.** We ordered both parties to show cause why the issue raised in this appeal should not be summarily decided. Having listened to the parties' arguments and studied their memoranda, we

The plaintiffs contend that our holding in *Marr Scaffolding Co., Inc. v. Fairground Forms, Inc.*, 682 A.2d 455 (R.I.1996), supports their position that they did not intend to release all their claims against D'Ambra when they settled with their insurer. We disagree. In *Marr Scaffolding* we held that a general release containing omnibus language will not bar claims against an unnamed third party attempting to take gratuitous advantage of the release when the participants in the original settlement never intended to relieve that party from liability. *Id.* at 456. But unlike the situation in *Marr Scaffolding*, D'Ambra is not claiming that a *general* release has gratuitously relieved it of all liability for the explosion. On the contrary, D'Ambra relied on plaintiffs' subrogation receipts and policy release in indemnifying plaintiffs' insurer for the same amount the insurer paid out in settlement to plaintiffs.

Finally, we disagree with the plaintiffs' contention that their subrogation receipts are ineffective because of the merger clause in the policy release. The policy release contains the plaintiffs' release to their insurer of whatever claims or rights they may have *against their insurer.* Thus "the entire agreement" embodied in that document refers only to the assignment and release of their explosion-loss claims against their own insurer. It does not purport to cover whatever other claims the plaintiffs may have had against third parties. However, the separate subrogation receipts do relate to the plaintiffs' claims against third parties like D'Ambra who may be responsible for the explosion. Thus there is no inconsistency between the merger clause in the policy release and the assignment of plaintiffs' third-party claims in the subrogation receipts.

For the foregoing reasons the plaintiffs' appeal is denied and dismissed, the judgment is affirmed, and the papers in this case are remanded to the Superior Court.

BOURCIER, J., did not participate.

perceive no cause and shall therefore proceed to determine the merits of this appeal at this time.